### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No. 13-cr-00456-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICOLAUS HOUSE DEMETRIAN,

    Defendant.

## ORDER DETERMINING COMPETENCY AND COMMITTING DEFENDANT

**Blackburn, J.**

On March 26, 2014, this matter came before me for hearing under 18 U.S.C. §§ 4241 and 4247(d), for determination of the defendant's competency. The hearing was precipitated by the parties' joint emergency motion [#36][1] filed March 24, 2014. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the evidence adduced during the competency hearing; having considered the Forensic Evaluation of Dr. Lisa Hope [#38] filed March 26, 2014; having considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing; I enter the following findings of fact,[2] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On November 19, 2013, the Honorable Gordon P. Gallagher, a United States Magistrate Judge for the District of Colorado, entered an **Order For Competency Examination And Determination** [#18].

2. Pursuant to this order and 18 U.S.C. § 4247(b), Lisa Hope, Psy.D.,[3] a certified psychologist conducted a psychological examination of the defendant. Her report, entitled Forensic Evaluation,[4] includes the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Hope.

3. The defendant is presently suffering from a mental disease or defect[5] rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Therefore, the defendant is not presently competent to proceed.

4. Pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant must be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility[6] to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

5. Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings should be excluded in computing the time within

---

[3] Lisa Hope, Psy.D., is the Chief Forensic Psychologist at the Federal Bureau of Prisons, Metropolitan Detention Center, Los Angeles, California.

[4] Dr. Hope's report [#38], which was filed under restriction on March 26, 2014, was admitted in evidence.

[5] Dr. Hope's diagnosis of "Delusional Disorder, Persecutory Type, Continuous" appears in her report at 16. Her opinions concerning competency appear in her report at 20. The diagnosis of "Delusional Disorder, Persecutory Type, Continuous" is recognized and accepted as a mental disease or defect in the American Psychiatric Association (2013), **Diagnostic and Statistical Manual of Mental Disorders: DSM-5**) (5th ed.) at 297.1, Washington, D.C.: American Psychiatric Publishing.

[6] "Suitable facility" is a term defined by 18 U.S.C. § 4247(a)(2).

which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendant, **Nicolaus House Demetrian**, is declared incompetent to proceed ;

2. That pursuant to and subject to the provisions of 18 U.S.C. § 4241(d)(1), the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward;

3. That pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which  trial must commence under 18 U.S.C. § 3161(c); and

4. That the United States Marshal for the District of Colorado is authorized and directed to transport the defendant to the Federal Bureau of Prisons for placement by the Bureau of Prisons in a suitable facility for hospitalization and treatment as provided in this order.

Dated March 26, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge