**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  13-cr-00456-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  NICOLAUS HOUSE DEMETRIAN,

      Defendant.

---

**ORDER
(Finding of Restoration of Competency)**

---

**Blackburn, J.**

      On October 23, 2015, the matter came before me to determine whether the

defendant has been restored to competency. At the outset of the hearing, the parties

stipulated that the defendant has been restored to competency. As evidential support,

the parties stipulated to the admission in evidence of the **Forensic Evaluation** [#53][1] of

Dr. Carlton Pyant filed June 24, 2015, and the concomitant **Certificate of Restoration**

**of Competency To Stand Trial** [#52] of Kenny Atkinson, Complex Warden of the

Federal Bureau of Prisons U.S. Medical Center for Federal Prisoners at Butner, North

Carolina, filed June 24, 2015.  At the conclusion of the hearing, I entered brief, summary

findings of fact, conclusions of law, and orders from the bench. I enter this order to

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and  electronic case filing system (CM/ECF).  I use this convention throughout this order.

confirm, explicate, and supplement those findings, conclusions, and orders.

The chronology of relevant events as taken from CM/ECF is as follows:

• That on March 26, 2014, I entered an **Order Determining Competency And Committing Defendant**, *see* [#39];

• That on June 24, 2015, the **Forensic Evaluation** of defendant prepared by Dr. Carlton Pyant was filed, *see* [#53]; and

• That on June 24, 2015, Kenny Atkinson, Warden of the Federal Bureau of Prisons U.S. Medical Center for Federal Prisoners at Butner, North Carolina, filed a **Certificate of Restoration of Competency To Stand Trial**, *see* [#52].

On the record, considered as a whole, I enter the following findings of fact (which are based on a preponderance of the evidence) conclusions of law, and orders:

1. That on March 26, 2014, I found and declared the defendant to be incompetent and committed him to the custody of the Attorney General for hospitalization as required by 18 U.S.C. § 4241(d)(1);

2. That during the course of hospitalization at the Federal Bureau of Prisons U.S. Medical Center for Federal Prisoners at Butner, North Carolina, a psychological evaluation of the defendant was performed pursuant to my order;

3. That the resultant **Forensic Evaluation** report opines cogently that the defendant has been restored to competency, which opinion is supported amply by the report;

4. That as required by 18 U.S.C. § 4241(e), the director, *i.e.*, warden, of the

facility in which the defendant was hospitalized filed a **Certificate of Restoration of Competency To Stand Trial** based on his determination, which I approve and adopt, that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense;

5. That as required by 18 U.S.C. § 4241(e), I have held a hearing, conducted pursuant to the provisions of 18 U.S.C. § 4247(d), to determine the competency of the defendant;

6. That I now find by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, within the meaning of 18 U.S.C. § 4241(e);

7. That under 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings, *i.e.*, from no later than November 19, 2013, through October 23, 2015, should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c); and

8. That in anticipation of the filing by October 30, 2015, of the defendant's notice of intent to assert a defense of insanity under FED. R. CRIM. P. 12.2(a), and the filing by November 6, 2015, of the government's anticipated motion for sanity examination under FED. R. CRIM. P. 12.2(c)(B) and 18 U.S.C. § 4242(a), the defendant should remain at the Federal Bureau of Prisons U.S. Medical Center for Federal Prisoners at Butner, North Carolina, in anticipation of the court requiring an evaluation under 18 U.S.C. § 4242(b)

and (c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Certificate of Restoration of Competency To Stand Trial** [#52] filed June 24, 2015, is accepted and approved;

2. That the defendant Nicolaus House Demetrian has been restored to competency and is competent to proceed;

3. That in anticipation of the court requiring an evaluation under 18 U.S.C. § 4242(b) and (c), the defendant shall remain at the Federal Bureau of Prisons U.S. Medical Center for Federal Prisoners at Butner, North Carolina;

4. That pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay, *I.e.*, from no later than November 19, 2013, through October 23, 2015, resulting from these competency proceedings shall be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c); and

5. That this case is continued without date pending further order.

Done in chambers October 23, 2015, to confirm, explicate, and supplement the findings of fact, conclusions of law, and orders entered during the competency restoration hearing held on October 23, 2015.

BY THE COURT:

Robert E. Blackbum
United States District Judge